FILED

2008 Oct-28  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MARTYE McCONICO,

_____Plaintiff,

vs.                                           CASE NO. CV-07-J-1546-S

MacLEAN POWER SYSTEMS;
EUGENE CHISM, LEROY
MADDOX, JERRY HONEYCUTT,
and MIKE FOSHEE,

      Defendants.

## <u>MEMORANDUM OPINION</u>

Pending before the court is the defendants' motion for summary judgment (doc. 37), evidence in support of said motion (doc. 38), and memorandum in support of its motion (doc. 39). The plaintiff filed a response in opposition to the defendants' motion for summary judgment and evidentiary submissions (doc. 54). The defendants filed a reply to the plaintiff's response (doc. 56).

Having considered all the pleadings and submissions, the court concludes that the defendants' motion for summary judgment is due to be granted as no genuine issues of material fact remain, and the defendants are entitled to a judgment in their favor as a matter of law.

## I. Procedural History

The plaintiff commenced this action by filing a complaint (doc. 1) against his past employer under Title VII, 42 U.S.C. §§ 2000e *et seq*., for same-sex harassment and hostile work environment. The plaintiff also asserted state law claims against the defendants, including the employer and several co-employees of the plaintiff, for assault and battery, invasion of privacy, intentional infliction of emotional distress, and negligent and/or malicious retention, supervision, and training.

## II. Factual Background

The plaintiff began working for defendant MacLean Power Systems ("MacLean") in 1996 as an insider and set-up material handler. Complaint, ¶ 12. The plaintiff was employed by the defendant MacLean until he resigned on September 26, 2006. Complaint, ¶ 13. Employees at MacLean, including the plaintiff, would often engage in what some characterized as "horseplay" on the production floor. Popwell Decl. ¶ 7, Exhibit A to Defendants' Summary Judgment; Peterson Decl. ¶ 2, Exhibit D to Defendants' Summary Judgment; Honeycutt Decl. ¶ 3, Exhibit F to Defendants' Summary Judgment.

Although the plaintiff did not appreciate his coworkers engaging in numerous "inappropriate" acts that were directed towards him throughout his ten-year employment period, he admitted that he never directly told his coworkers to stop such

conduct.  Plaintiff's Depo. at 178, 184.  For example, defendant Eugene Chism[1] often called the plaintiff a "big titty slut" and offered "to suck off each tit, $20 a tit."  *Id.* at 77.  On one occasion, Chism offered to have oral sex with the plaintiff.  *Id.* at 78. Two weeks prior to the plaintiff's resignation, Chism reached down between the plaintiff's legs and attempted to grab his crotch while both were working beside each other at an inspection table.  *Id*. at 207-09.  The plaintiff believed that Chism wanted to have sex with him, and that Chism liked men.  *Id.* at 103.  The plaintiff also testified that Chism would grab the plaintiff's chest, make noises, and holler: "'Hey, Lordy.'" *Id.* at 95.  However, the plaintiff considered Chism to be a friend.  *Id.* at 103. Other coworkers, such as defendant Leroy Maddox, defendant Jerry Honeycutt, and defendant Mike Foshee, also had notable incidents with the plaintiff.  Maddox would often run by and touch the plaintiff's chest and buttocks.  *Id.* at 95.  Honeycutt sometimes touched the plaintiff while saying: "'Look here, Leroy, give me some chocolate milk.'" *Id.* at 104.  Lastly, Foshee would grab the plaintiff between the legs while "hollering out loud." *Id.* at 77.  As a result of these unwanted acts, the plaintiff believed that other coworkers at MacLean felt he was gay.  *Id.* at 178.

Defendant MacLean had an anti-harassment policy, protecting employees from

---

[1] Mr. Chism died on March 17, 2008 in Jefferson County, Alabama.  Suggestion of Death, Doc. 26.

3

sexual harassment, and this policy was posted on a bulletin board in the workplace. Popwell Decl. ¶ 2, Exhibit A to Defendants' Summary Judgment. The policy was also included in the Collective Bargaining Agreement between defendant MacLean and the United Steelworkers of America for Local 4841. *Id.* at ¶ 3. The policy provided two methods of reporting harassing conduct: (1) contact a representative from Human Resources, or (2) tell a "member of management" who the employee would feel comfortable contacting. Harassment Policy, Exhibit B to Defendants' Summary Judgment; Agreement between MacLean and the United Steelworkers of America for Local 4841, § IV, Exhibit C to Defendants' Summary Judgment.

The plaintiff testified that he never reported the alleged sexual harassment to anyone in Human Resources. Plaintiff's Depo. at 86. The plaintiff alleged that he did report these incidents to Willie Peterson though. *Id.* at 74-75. Peterson, a supervisor in the production department, was the plaintiff's supervisor from May 2006 until the plaintiff's resignation in September 2006. Peterson Decl. ¶¶ 1-2, Exhibit D to Defendants' Summary Judgment. Peterson stated that the plaintiff never complained to him regarding any incidents of sexual misconduct. *Id.* The plaintiff also stated that Amanda Handley, the personnel manager, witnessed the incident where Chism reached down between the plaintiff's legs and attempted to grab his crotch while both were working beside each other at an inspection table. Plaintiff's Depo. at 208-09.

4

Although Handley never spoke with the plaintiff regarding this conduct, the plaintiff alleged that he heard from co-employee Leon Anderson, who heard from the janitor Randy Reed, that Handley asked Reed about this incident. *Id.* at 209-11. When the plaintiff resigned from his job in September 2006, he told Peterson, his supervisor, that  he was leaving due to another job where he would make more money and be in a supervisory position. *Id.* at 50; Peterson Decl. ¶ 4, Exhibit D to Defendants' Summary Judgment.

### III. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324; Fed. R. Civ. Pro. 56(e).  In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial."  Fed. R. Civ. Pro. 56(e); *Matsushita*, 475 U.S. at 587.  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact.  A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor."  *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v.*

*City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)).  A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment.  *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).  However, the court should not make credibility determinations, nor weigh the parties' evidence.  *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000).

## IV. Legal Analysis

*Same-Sex Harassment and Hostile Work Environment*

The plaintiff asserts that the above facts constitute same-sex harassment and hostile work environment with regard to defendant MacLean.  Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex."  42 U.S.C. § 2000e-2(a)(1).  "The Supreme Court has recognized that a plaintiff may bring a Title VII claim based on 'same sex' sexual harassment."  *Willets v. Interstate Hotels, LLC*, 204 F.Supp.2d 1334, 1336 (M.D. Fla. 2002) (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)).  The plaintiff may establish his Title VII claim by showing that: (1) he is a member of a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment resulted from his membership in a protected group;

(4) the harassment was sufficiently severe or pervasive to change the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *Id.* (citing *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999)). Even assuming for the sake of argument that the plaintiff has established the first three elements, the plaintiff is unable to satisfy the fourth and fifth prongs.

"The 'severe or pervasive' element 'includes a subjective and an objective component.'" *Reeves v. C.H. Robinson Worldwide, Inc.*, 525 F.3d 1139, 1145 (11th Cir. 2008) (quoting *Mendoza*, 195 F.3d at 1246). "The employee must 'subjectively perceive' the harassment as sufficiently severe and pervasive to alter the terms or conditions of employment, and this subjective perception must be objectively reasonable." *Mendoza*, 195 F.3d at 1246 (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). The court "must judge the objective severity of the harassment from the perspective of a reasonable person in [the plaintiff's] position, considering the totality of the circumstances rather than acts in isolation." *Reeves*, 525 F.3d at 1145. Four important factors for making the objective determination include: (1) the frequency of the alleged conduct; (2) the severity of the alleged conduct; (3) whether the alleged conduct is physically threatening or humiliating, or an offensive utterance; and (4) whether the alleged conduct unreasonably interferes

8

with the employee's work performance.  *Harris*, 510 U.S. at 23.  "Importantly, no single factor is determinative, and *either* severity *or* pervasiveness can satisfy the element, if sufficient."  *Reeves*, 525 F.3d at 1146 (citations omitted) (emphasis in original).

Although the court does not condone the conduct complained of, namely that of Chism calling the plaintiff a "big titty slut," offering to perform oral sex on the plaintiff, and attempting to grab the plaintiff's crotch, and other coworkers grabbing the plaintiff's chest and buttocks, "the crudeness of the alleged behavior does not itself establish that the conduct was either harassing within the meaning of the law or sufficiently severe or pervasive so as to alter the plaintiff's terms or conditions of employment."  *Simmons v. Mobile Infirmary Medical Center*, 391 F.Supp.2d 1124, 1133 (S.D. Ala. 2005); *see Willets*, 204 F.Supp.2d at 1337 (holding that the harasser "hugging Plaintiff in a sexualized manner, rubbing Plaintiff's head and shoulders, frequently indicating that he loved Plaintiff, once kissing Plaintiff on the neck, once grabbing Plaintiff's buttocks, and once placing his hand on the inside of Plaintiff's thigh near his crotch" did not satisfy the requirements of frequency or severity).

Here, the plaintiff admitted that he never directly told his coworkers to stop such conduct.  Plaintiff's Depo. at 184.  The plaintiff never reported the alleged

sexual harassment to anyone in Human Resources.[2]  *Id.* at 86.  When the plaintiff

resigned from his job in September 2006, he told Peterson, his supervisor, that he was

leaving due to another job where he would make more money and be in a supervisory

position.  *Id.* at 50; Peterson Decl. ¶ 4, Exhibit D to Defendants' Summary Judgment.

Furthermore, there is nothing to indicate that the conduct unreasonably interfered

with the plaintiff's work performance.  The conduct in *Reeves* caused the plaintiff to

have difficulty concentrating on her work, shake when she viewed pornographic

images on her coworker's computer, complain to her superiors, ask her coworkers to

stop, and take notes regarding the offensive incidents.  *Reeves*, 525 F.3d at 1147.

Although the Eleventh Circuit held that these incidents were sufficient to constitute

unreasonable interference in *Reeves*, *id.*, the plaintiff in this case did not experience

any analogous interference.  The plaintiff testified that the conduct affected his ability

to do his job because his coworkers were always around him and "picking" on him.

Plaintiff's Depo. at 219.  Most of the plaintiff's actions and statements, however,

evidenced a desire to remain employed at MacLean.  Judy Popwell, the Vice

President of Operations at MacLean Power Systems, stated in her affidavit that she

---

[2]  The plaintiff testified that when he informed Peterson that he was resigning, he "told [Peterson] that he needed to go tell Ms. Judy [Popwell] and them what was going on with the harassment and stuff."  Plaintiff's Depo. at 57.  Even if Peterson had informed Human Resources after speaking with the plaintiff, Human Resources would have had no timely opportunity to investigate and remedy the alleged conduct.

had taken part in unrelated grievances where the plaintiff had been terminated, "yet begged to have his job back."  Popwell Decl. ¶ 8, Exhibit A to Defendants' Summary Judgment.  The plaintiff testified that he never complained to Popwell about the alleged conduct because she was a woman, and "[s]he would probably laugh." Plaintiff's Depo. at 89-90.  Several of the plaintiff's coworkers also stated that many of the employees, including the plaintiff, would engage in horseplay on the production floor.  Popwell Decl. ¶ 7, Exhibit A to Defendants' Summary Judgment; Peterson Decl. ¶ 2, Exhibit D to Defendants' Summary Judgment; Honeycutt Decl. ¶ 3, Exhibit F to Defendants' Summary Judgment.  Such evidence demonstrates that the conduct at issue did not unreasonably interfere with the employee's work performance.  *See Oncale*, 523 U.S. at 82 ("Common sense, and an appropriate sensitivity to social context, will enable courts and juries to distinguish between simple teasing or roughhousing among members of the same sex, and conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive.").

The plaintiff has also failed to satisfy the fifth prong of his Title VII claim: a basis for holding the employer liable.  "Where the perpetrator of the harassment is merely a co-employee of the victim, the employer will be held directly liable if it knew or should have known of the harassing conduct but failed to take prompt

remedial action." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1278 (11th Cir. 2002) (citing *Breda v. Wolf Camera & Video*, 222 F.3d 886, 889 (11th Cir. 2000)). A plaintiff that is "a victim of coworker harassment must show either actual knowledge on the part of the employer or conduct sufficiently severe and pervasive as to constitute constructive knowledge to the employer." *Id.* "Actual notice is established by proof that management knew of the harassment, whereas constructive notice will be found where the harassment was so severe and pervasive that management should have known of it." *Id.*

The plaintiff cannot establish actual notice in this case. Defendant MacLean's anti-harassment policy provided that employees could report harassing conduct to Human Resources or to a "member of management" with whom they felt comfortable. Harassment Policy, Exhibit B to Defendants' Summary Judgment; Agreement between MacLean and the United Steelworkers of America for Local 4841, § IV, Exhibit C to Defendants' Summary Judgment. The plaintiff testified that he never reported the alleged sexually harassing conduct to anyone in Human Resources. Plaintiff's Depo. at 86. While the plaintiff may have reported these incidents to his supervisor, Willie Peterson, *id.* at 73-75, Peterson was only a supervisor in the production department, Peterson Decl. ¶ 1, Exhibit D to Defendants' Summary Judgment, and not a "member of management." *See Madray v. Publix Supermarkets,*

*Inc.*, 208 F.3d 1290, 1300 (11ᵗʰ Cir. 2000) (holding that there was no actual notice of sexual harassment to the employer due to "the plaintiffs' informal complaints to individuals not designated by Publix to receive or process sexual harassment complaints").

Additionally, the plaintiff cannot establish constructive notice in this case either.  When an employer has "an effectively disseminated written anti-harassment policy," "[t]he presence of that written policy forecloses resort to constructive notice as a means of establishing the notice required for direct liability." *Minix v. Jeld-Wen, Inc.*, 237 Fed.Appx. 578, 582 (11ᵗʰ Cir. 2007) (citing *Dees v. Johnson Controls World Servs. Inc.*, 168 F.3d 417, 422 (11ᵗʰ Cir. 1999)).  Popwell stated that the harassment policy was posted in the workplace and included in the Collective Bargaining Agreement between MacLean and the United Steelworkers of America for Local 4841.  Popwell Decl. ¶ 3, Exhibit A to Defendants' Summary Judgment; Agreement between MacLean and the United Steelworkers of America for Local 4841, § IV, Exhibit C to Defendants' Summary Judgment.  The supervisors at MacLean, including Peterson, were knowledgeable about the anti-harassment policy, attending weekly meetings that instructed them to be mindful of misconduct and to report any violations to Human Resources.  Popwell Decl. ¶ 5, Exhibit A to Defendants' Summary Judgment; Peterson Decl. ¶¶ 1, 6, Exhibit D to Defendants' Summary

13

Judgment; Honeycutt Decl. ¶¶ 1-2, Exhibit F to Defendants' Summary Judgment. In light of this policy and the previous discussion regarding the plaintiff's inability to present facts constituting severe or pervasive harassment, defendant MacLean cannot be charged with constructive knowledge.

*State Law Claims*

Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Because the court has disposed of the plaintiff's Title VII action, it now declines to exercise supplemental jurisdiction over the plaintiff's state law claims for assault and battery, invasion of privacy, intentional infliction of emotional distress, and negligent and/or malicious retention, supervision, and training. These state law claims shall be dismissed without prejudice.

## V. Conclusion

Having considered the foregoing and finding that the plaintiff has failed to establish any genuine issue of material fact sufficient to allow this case to proceed to

trial on its claims against the defendants, the court **ORDERS** that the defendants'
motion for summary judgment be and hereby is **GRANTED**.  The court shall so rule
by separate Order.

      **DONE** and **ORDERED** this 28th day of October 2008.


                           INGE PRYTZ JOHNSON
                           U.S. DISTRICT JUDGE